# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Jennie L. Burnett**                                                                                              **Plaintiff**

**v.**                                              **CASE NO. 3:14CV00012 JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                                       **Defendant**

## ORDER AFFIRMING THE COMMISSIONER

Jennie L. Burnett seeks judicial review of the denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI). Burnett last worked in December of 2009 as a cashier in a convenience store.[1] Burnett applied for DIB and SSI in February 2011, with an alleged onset date of November 1, 2005.[2] Burnett's date last insured is June 30, 2006.[3] Burnett bases disability on a bulging disc with spinal stenosis, obesity, anxiety, depression, anger management, knee pain and ankle pain.[4]

**The Commissioner's decision.** The Commissioner's ALJ determined that Burnett did not engage in substantial gainful activity during the period from the alleged onset date to the date last insured.[5] Burnett has severe impairments - disorder of the back, obesity and mood disorder with symptoms of anxiety and depression.[6] None of Burnett's severe impairments meet the Listings, and Burnett can perform sedentary work except she can only lift/carry ten pounds

---

[1] SSA record at p. 185.

[2] *Id.* at pp. 146 & 159.

[3] *Id.* at p. 172.

[4] *Id.* at p. 184.

[5] *Id.* at p. 13.

[6] *Id.*

occasionally; sit six hours out of eight hours; stand/walk two hours out of eight hours; occasionally stoop, crouch, crawl, kneel and balance; and maintains the ability to perform simple routine tasks where supervision is simple, direct and concrete.[7] The ALJ held that Burnett cannot perform any past relevant work,[8] but can perform the positions of checker and order clerk, positions identified by the vocational expert (VE) as available in the state, regional and national economies.[9] Burnett's application was denied.[10]

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review.[11] Burnett filed this case to challenge the decision. In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

**Burnett's allegations.** Burnett maintains that the ALJ's denial of disability benefits is not supported by substantial evidence because the ALJ erred in the hypothetical presented to the

---

[7]*Id.* at pp. 14-15.

[8]*Id.* at p. 18.

[9]*Id.* at p. 20.

[10]*Id.*

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny any applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

VE. This argument is not persuasive. The ALJ's decision is supported by substantial evidence and no legal error occurred.

Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion."[13] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to support the determination that Burnett is not disabled.[14]

**The hypothetical**. Burnett maintains that the ALJ's denial of her disability benefits is not supported by substantial evidence because the ALJ failed to include Burnett's obesity in the hypothetical presented to the VE.

During the hearing, the ALJ presented the VE with a hypothetical of an individual who can occasionally lift/carry up to ten pounds; sit six hours in an eight hour day; stand/walk two hours in an eight hour day; occasionally stoop, crouch, kneel, crawl and balance; and can perform work which is simple, routine and repetitive in nature and supervision required is simple, direct and concrete.[15] The ALJ did not indicate to the VE that Burnett is obese.

At step five, the burden shifts to the Commissioner to identify jobs that the claimant can perform considering her RFC, age, education and work experience. The testimony of a VE identifying jobs available to a claimant will constitute substantial evidence at this step "when it is based on a hypothetical that accounts for all of the claimant's proven impairments."[16] The

---

[13]*Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (internal quotations and citations omitted).

[14]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[15]SSA record at pp. 29-30.

[16]*Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010).

hypothetical, however, "need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture the concrete consequences of those impairments."[17] The question, then, is whether substantial evidence supports the ALJ's exclusion of Burnett's obesity in the hypothetical. A review of the medical records and hearing testimony reveals that the ALJ's decision to exclude obesity from the hypothetical is supported by substantial evidence.

The record contains twenty-eight progress notes, dated between June 2006, and March 2012, from Burnett's treating physician.[18] Although Burnett was prescribed medication for her weight during much of this time, obesity was not the primary concern at these appointments. Indeed, only two of these progress notes lists obesity under the physician's assessments.[19] Of the progress notes that list Burnett's active problems, not one identifies obesity as an active problem. Additionally, obesity is not listed once in Burnett's past medical history in the progress notes. The progress notes further establish that despite Burnett's weight, she had a full range of motion in her spine and no limb abnormalities.[20] The record also contains records from Burnett's hospital visits. Nowhere in the hospital records is obesity listed as an impairment. In the April 2011, Physical Residual Functional Capacity Assessment, the state consultative examiner determined that although Burnett is morbidly obese, she has the full sedentary RFC.[21]

---

[17]*Id.* (internal quotations and citations omitted).

[18]*Id.* at pp. 267, 269, 271, 273, 279, 281, 283, 285, 287, 289-290, 292, 294, 296, 298, 321, 325, 327, 352, 376, 378, 380, 382, 384, 387, 391, 393, & 395.

[19]*Id.* at pp. 285 & 290.

[20]*Id.* at pp. 273, 323, 325, 327, 352, 376, 378, 380, 384, 387, 393 & 395.

[21]*Id.* at pp. 310 & 317.

Burnett even acknowledged that her weight does not limit her ability to work. During the hearing, the ALJ asked Burnett, "Are you attributing work limitation due to your weight? . . . Are you telling me that - - is your weight impairing you or limiting you from working?"[22] Burnett responded, "No. I would say that was my back. . . . I mean, I've always been fairly a big woman and I've always worked when I could."[23]

To support the argument that the ALJ erred in excluding Burnett's obesity from the hypothetical, Burnett cites to *Morrison v. Apfel*.[24] Burnett's reliance on *Morrison* is misled. In *Morrison*, the Eighth Circuit determined that it was error for the ALJ to exclude mention of the claimant's obesity in the hypothetical because (1) the claimant had a history of obesity and (2) the claimant's treating physician stated in medical records that the claimant's obesity was his "biggest problem."[25] While it appears that Burnett has had issues with her weight for a number of years, it was never identified as a major medical issue. There is certainly nothing in the record identifying obesity as Burnett's "biggest problem." *Morrison* is not applicable to the instant case.

A reasonable mind would accept the evidence discussed above as adequate to support the ALJ's exclusion of obesity from the hypothetical. Substantial evidence supports the denial of benefits.

**Conclusion.** Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the court DENIES Burnett's request for relief (docket entry # 2) and

---

[22]*Id.* at p. 46.

[23]*Id.* at pp. 46-47.

[24]*Morrison v. Apfel*, 146 F.3d 625 (8th Cir. 1998).

[25]*Id.* at 628-629.

AFFIRMS the Commissioner's decision.

    It is so ordered this 6th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE